Morning, may it please the court, Lawrence Rolfing on behalf of Maria Osegueda. This is a social security case where it's step four of the sequential evaluation process and the ALJ finds that Maria Osegueda can perform a limited range of light work with a sit-stand option. The judge, the ALJ, then completes the step four analysis and compares that residual functional capacity to Osegueda's past work as a hairstylist or cosmetologist and finds that she can, in fact, perform that kind of work. The only problem is that the judge didn't take into account that Ms. Osegueda needed to stand for six hours in an eight-hour day, walk for an hour, and sit for only one hour in an eight-hour day. You're talking about the Administrative Law Judge? Correct. All right. Because we're just going to review the Administrative Law Judge DeNovo and so it's not out of slight that I'm ignoring the district court assist that we're hearing on DeNovo proceeding. There's no evidence that an individual that needs to stand and walk for seven out of eight hours can alternate sitting and standing as the ALJ implied and the sit-stand option is quintessentially the need for a work. The ALJ found that Ms. Osegueda could also perform the work as it's generally performed and the commissioner cites Social Security Ruling 8310 and 404-1567-B for the idea that that light work requires standing six out of eight hours and therefore as it's generally performed being a cosmetologist or hairstylist should take six hours of standing and walking in any manner of day. It's a tough job. It is a tough job because it doesn't allow sitting. It doesn't pay very well either. Not on this earnings record it doesn't. If she's a hairstylist or a cosmetologist and she's sitting there cutting hair or styling or putting chemicals in people's hair to color them or tint them as she states in her disability report that she performed, it's like, I'm sorry, I'm out of the hour and I need to sit down for five minutes. Just let the chemicals cook in your hair for a little bit longer. That's not how reasonable customers expect their hair to be done. There's no evidence that that's how the work could be done or is done as a bona fide occupational qualification. There's just an absence of evidence and an ALJ must make a decision based upon substantial evidence not based on substantial speculation about what the economy. So I'm foreshadowing a question to your colleague still sitting at the table over there. Your position is there's no evidence in the record to support the ALJ's ultimate step for finding those who get his residual functional capacity would permit her to return to her past work as actually or generally performed. That is correct. All right, maybe we'll ask the other side what's the evidence. The other problem is is once we've decided that Ms. Osagueda couldn't perform her past work or there's a failure of evidence, in deciding what remedy to assign whether to reverse for the payment of benefits or remand for further proceedings, additional evidence on remand about what it requires to work as a whether an individual this residual functional capacity could perform the work of a cosmetologist or hairstylist, it doesn't matter. She doesn't have substantial gainful activities. The first red flag in reading this record that alerts us to that proposition is that she worked up until 2009 but her date last insured is a year later in 2010. She didn't earn enough quarters of coverage in the five-year run up to her last working to have a full five-year tail on her date last insured and the government has argued that that issue was waived. I submit that it's a it under Varney too that the court can consider that in terms of fashioning a remedy and the court always reviews questions of law de novo whether substantial evidence exists is at its core a question of law and the government has had a chance to respond. The earnings record is presumptively accurate. It binds not only the commissioner but also binds the claimant and so Ms. Osagueda can't perform the job and she never performed it at substantial gainful activities. She cannot perform her past relevant work. She was over 55. She's presumptively disabled. All right listen we we we have your argument well in hand so let's see what the government has to say. Yeah. Good morning your honors. Elizabeth Feer representing the acting commissioner of social security. Carolyn Colvin. Is that loud enough? Louder you speak the better. All righty. There is plenty of evidence in this record that this woman can perform right into it. Right into that. That's interesting the district court said that the ALJ's findings at step four were very brief but there's plenty of evidence. They're brief on under SSR 8262 the ALJ has to have three findings in his decision. Right. He has to have a residual functional capacity finding which he has. He has to have a description of the past relevant work which he has and he has to have a finding that says the claimant's RFC does not prevent performing that past relevant work which he has. The the record in this case has very little medical evidence at all that supports the claimant's allegations of her severe pain. What it does have is two doctors who examined her in the context of her workers comp claim neither of whom say that she has the significant standing and walking limitations that claimant now alleges. Dr. Shipron who examined or I'm sorry Dr. Deeney who was actually her workers comp treating source says on page 418 this is in July 2008 that she's precluded from heavy lifting repeated bending stooping squatting or kneeling. That's it. The same month the AME who's the agreed medical examiner in a workers comp case which should theoretically make him more trustworthy than a treating doctor or a doctor that either side picks on its own he's agreed he says no lifting over 25 pounds no repetitive bending stooping squatting kneeling crawling pushing or pulling and this is that page I'm sorry 418 in the record and no prolonged weight bearing but he also says that for every hour of prolonged weight bearing she needs a five-minute rest break. The ALJ has a sit-stand option in the RFC. I'm I just don't understand how that evidence doesn't support the fact that or that the ALJ is finding that this woman can return to a job that is light and exertion. Where's a vocational expert? We don't need a vocational expert at step four your honor and this court has has said that in Matthews v Shalala and also 8262 does not require a vocational expert. There's there's simply no authority at all that would say an ALJ needs a VE at step four and this is a relatively straightforward RFC. It's for light work with a sit-stand option that that allows the ALJ to make that determination on his own. So that's that's your evidence supporting the RFC. There's also the state agency doctor found a full range of medium work but the ALJ decided the claimant was a little bit more limited than that. So let me just briefly address remedy at this moment. Hold on one second is it did the ALJ say that not a single doctor believed claimant was permanently unable to work as of May 2009? Yes and that is correct and and I would also like to point out that the claimant actually said she was working to Dr. Shifrin in February 2008. That's at 352 in the record. She admitted she was working as a cosmetologist and that she voluntarily limited her ability to to engage in prolonged standing. That's exactly what the ALJ found in the RFC. So she's but the DOT as I see it does not address a sit-stand option. Is that right for for the job that the plaintiff had here? That's correct. For and and the administrative law judge did not call a vocational expert to testify. So what was the evidence then that that permitted the step four call that the ALJ made on this? Well again I would I would have to reiterate that a vocational vocational expert is not required at step four. I hear you. I know you made a point before and whatever I agree with you not you made your point. Okay and so if you look at the claimant's description of her job at page 141 in the record she talks about what she did at this job. She only did one hour of sitting. She stood and she walked for a total of seven. I would like to point out that light work says generally six hours but it doesn't require exactly six hours. The claimant can and in the social security ruling 8310 it says that light work sometimes involves a great deal of standing and walking. So this claimant I'm sorry. But the the Watson Astru case if you're familiar with that. I'm sorry. The 2010 case Central District of California in 2010 at Watson against Astru at our case 0923. I'm sorry I didn't hear the name name of that. All right it's a 2010 WL 1854075. So is it unpublished I'm sorry? Is it an unpublished case? I think so yeah. Recognize that a sit-stand option erodes the occupational base for light work and necessitates the testimony of a vocational expert. That was I'm I'm not familiar with the case but I'm guessing that was a step five case and not a step four case. Yeah I can't hear you. I'm guessing that was a step five case and not a step four case. There's a big difference at step four the burden is still on the claimant to prove that she cannot perform her past relevant work. At step five the agency does have a small burden shift to identify jobs and and you're absolutely correct if this were a step five case the ALJ would have to have a vocational expert to address that. But he doesn't need it here because her own description of her job accounts for the sit-stand option. And I would like to remind you that she did tell one of her doctors in February 2008 that she was voluntarily using a sit-stand option. Step five it's required, step four it's not. Correct. Okay. So um that the and the remedy even if the court were to uh find an error here my opponent's not correct that this claimant's disabled on the record because uh her past relevant work is skilled and no one is presumptively disabled under the grid if they have transferable skills so that's an issue that would remain unaddressed were that the case but I this this RFC is supported by this record and this ALJ did what it had to do. Was the ALJ required to perform a function by function analysis? I believe he did that your honor if you look at the RFC it's it says light work it references the regulation that defines light work that's not in question and then he discusses the repetitive nature of the other aspects of the functional capacity the bending, squatting, kneeling, crawling, and forceful gripping and grasping. I'm not clear at all what additional function he would have had to address to make that finding correct. The ALJ concluded that uh capacity to perform light work. Yes. Yeah. That's not challenged here is it? No that's a good point none of the RFC is challenged. The RFC is not challenged. Nope nor is the credibility finding which um I think is very well detailed um but I would also. What's the takeaway from the credibility finding where does that lead us? Well it's going to lead me into the description of the past work and and um the fact that the issue of whether or not it was it qualified as past relevant work is um first it was waived but the claimants you know what the credibility is just it's always an overriding concern in a disability case. I'm not going to connect. It's atmospheric. Yes it is and I'm not going to connect it specifically to anything else I would just like to point out that it's not challenged so um I think that goes to the quality of it but as far as the past relevant work whether that qualifies that that is clearly waived and um this court has actually in a published case Matney v Sullivan specifically found this specific issue when not presented to the agency or the district court is waived and that is whether or not past relevant qualifies as SGA. That's it um that's Matney um and this court has also clearly said an issue not raised to the agency is waived and that was in Menal. This case and doesn't this issue was never raised and we have a claimant in district court who volunteer I'm sorry before the agency volunteered that she did this job. She's said it to two different treating sources when asked at the hearing what her past relevant work was she said beautician. She had one attorney at the hearing who averred in his hearing brief that this job qualified as past relevant work. She had another attorney between the ALJ's decision and the appeals council of her that this was past relevant work. She went into district court with that same very uh experienced attorney and never argued that this job didn't qualify as past relevant work. You simply cannot come into a court of appeals for the first time and make a brand new argument like that that's based on a very factual determination. Earnings are presumptive of the SGA issue but they are very clearly not the only issue. They're they're a presumption that kind of takes it's like a shorthand to determine whether or not the claimant actually did this job that the agency is saying she can return to and um in this case as I said she she has herself admitted on several occasions that she did the job and she had two attorneys concede the issue 1565 says past relevant work is skills and abilities you've acquired. Well she went to cosmetology school in 2001. She acquired those skills. She did the job. She admitted she did the job on several occasions in the record. 1571 says even if it was not substantial gainful activity it may show you were able to do more than you did. 1572A says it can be substantial gainful activity even if it was part-time or paid less. 1572B says gainful work is usually done for pay or profit whether or not a profit is realized. 1574A says we use several guides to determine past relevant work. 1574A1 says the fact that your earnings weren't substantial will not necessarily show you were not able to do SGA. So that issue of what her earnings were on this hearing. This claimant could do this job. There's never been any question before the agency or the district court that this work qualified and this court should find it waived but even if it doesn't as I just outlined there's plenty of evidence that it was SGA. So if you do not have any further questions for me. Well was the ALJ required to call a vocational expert because of the sit and stand option for the beautician job? No your honor he was not. At step four you do not need a vocational expert. Matthews v. Shalala. Well is is that sit and stand option for a beautician is that covered in the dictionary of occupational titles? The dictionary of occupational titles does not cover a sit stand option but if you look at the description of the job it's light and exertion clearly and the dot code for that is 332.271-010 light work and it light work as I said can is usually about six hours of standing or walking but it also can go farther and once again you have claimants description of her job where she voluntarily used a sit stand option and and the ALJ does not need a vocational expert at step four when the burden is still on the claimant. And if we disagree with you you're asking to remand for further proceedings? I really would hope you wouldn't disagree with me based on what what is in this record. Really would hope is not a strategy. I think the evidence is is is very strongly in the agency's favor here but yes your honor if if you were to. If we were to make the mistake of remanding. To address a waived issue or to find that the two doctors who agreed or whose assessments are similar to the RFC if you were to find those errant then you cannot pay on this record because there is an issue of whether or not she has skills that are transferable to other jobs and with the beautician but her attorney also averred that she did a job that was called housekeeper and that is at page 204 in the record and that job is also skilled and at light so that would that would be another issue that would have to be addressed. It and this may have been covered and and excuse me if the DOT does not address a sit stand option for the job she was doing is that correct? Then how how is the issue resolved and you say you told me that a vocational expert is not required at step four is that correct? That is correct. And so a vocational expert either at step four or to determine whether light work of a beautician could be performed with a sit stand option. I'm sorry I don't understand the question. No I that that that the ALJ it's not that the sit stand option is not in the DOT and but the ALJ was not required to get any additional information regarding that functional element. All right so how is that issue resolved evidentiary wise? Well it's resolved if you look at her description of the job that she she sometimes sat but she stood and walked and then at 352 in the record she's very specifically says to her doctor that she was voluntarily limiting her prolonged standing. So the record shows that the way she performed this job she was doing the sit stand an option and as far as the DOT not said that that's not a conflict with the dictionary because it's not there it's not a conflict. But I think the way she's described the job and the way the ALJ said that she could it's just it's not unreasonable to think that someone who is a beautician can at a certain point sit down for a moment. I've certainly seen them do it but I don't that's not an issue that the ALJ is affirmatively required to resolve at step four. If you look at the record you can see that she can do that during her job. Well if the ALJ doesn't resolve it how does it how does step four get resolved? I'm really not sure I understand why you think there's a problem with that it's it's a light job where the record shows she can voluntarily alter. It's not really a light job you know if you're standing six seven hours a day it's not a light job. That's that's exactly what a light job is your honor but the dictionary of occupational titles defines it as a light job. We as an agency can't override that exertional qualification that that exertional characterization. It's if you look at the 8310 SSR 8310 it says light work can involve a good deal even if it's under the lifting requirements if it has a good deal of standing and walking it's still light. There's nothing there is no evidence in this record or any authority I can think of that would allow a reviewing court to decide a job is not the exertional classification it is in the dictionary. Well none of the none of the three of us up here can take judicial knowledge of some of the things you talk about so the record has to establish this in the in the context of a beautician cosmetologist about the sit-stand option and the things that you speak about. So if the record is silent do we just three men up here take a shot at what it means? Well this might help you out both both of the doctors who assessed functional capacities at the workers comp level said neither one of them said she had any limitations in standing or walking and the one said she needs five minutes for every hour of prolonged standing. That's Dr. Greenspan and that is at 404 in the record that is a sit-stand option so he didn't find her disabled he found that she could work the LJ gave that opinion the most weight in the record so that should alleviate your question with the sit-stand option. Thank you. So what does the option do the sit and stand option how does that how does that help her how would that help her? How would that help her? Yeah well assuming that she has these issues she said she has a hip problem and that's why Dr. Greenspan assessed that five minutes of sitting or changing position with every prolonged hour of weight-bearing. He specifically attributed that to her hip condition. But they're standing most of the day when they're working aren't they? Right and right and no doctor has said she couldn't do that. What'd you say? There's no I'm sorry no medical evidence in the record that says she can't do that with that five minute alteration which is from Dr. Greenspan the agreed medical examiner. What's her testimony? Well her testimony is extremely she was extremely limited I believe it was that she couldn't stand more than 20 minutes walk more than a couple of minutes and that's not challenged and he found it not credible for several reasons. The medical record here is very scant in terms of objective documentation for her allegations of extreme pain. None of the doctors assessed her incapable of working. She made inconsistent statements about her ability to understand English at the hearing and once again that's not challenged so what she said at the actual limitations are. We have these two doctors who assess these limitations based on their examinations of her as well as the objective medical evidence and both of them concluded that she could perform this kind of work or this this this functional capacity. What does her doctor say? Her doctor that would be Dr. Shiffrin. He never assessed a functional capacity. He never what? He never assessed a functional capacity. He was her her workers comp treating doctor. All right thank you. Thank you your honors. An ALJ has to call a vocational expert when there's a complex issue. 404 50 404 1566 paragraph e. It's the an ALJ can always use a vocational expert to resolve a step four question and assuming that Maria Osegueda performed cosmetology at a substantial gainful activity level sometime between 2002 and 2009 that doesn't mean and the ALJ never found that she did it when she was limiting her standing. In fact the earnings record would indicate that it was well below substantial gainful activity levels when she finally stopped working in 2009. She just wasn't able to stand enough and to make the money to accumulate substantial gainful activity levels and when the commissioner it starts discussing what the medical evidence suggests the ALJ weighed the medical evidence the ALJ has the obligation to weigh the medical evidence and in this case the ALJ said she needs a sit-stand option and there again there isn't anything in this record to suggest that a cosmetologist working at substantial gainful activity levels could perform that job with a sit-stand option. There just isn't anything there. But what do we what do we do with what the doctors had to say? Because their input seems to suggest that sit-stand option is fine. But that doesn't mean that she can vocationally perform an occupation and we know that. What's the evidence that she can't do that? I mean her testimony was found not credible. True. So what is the evidence that suggests that she can that she can't do that? Dr. Greenspan said she needed to sit down for five minutes every hour. Is that incompatible with the sit-stand option? No it's compatible with the sit-stand option. Exactly. Right. So what's the evidence that she can't? That when she... You don't attack the credibility finding you don't attack the RFC. What's the evidence that she cannot perform this? When she completed the disability report and the work history report she stated that she had to stand for more than six hours out of an eight hour day. She had to stand for seven hours. She had to walk for one and she might be able to squeeze in an hour of walking here and there. But she's on her feet for seven at least seven out of eight hours a day. So the judge limited her to six. So the only evidence that that we're dealing with to support your position comes from her? And under Brown-Hunter versus Astru the ALJ has an obligation to point to which testimony the claimant rejects or that the ALJ rejects of the claimant and there isn't an inkling that the ALJ rejected anything that this claimant ever said about the work of a cosmetologist. Not a drop. So what did the ALJ say exactly? The ALJ said... About credibility. He rejected her credibility with respect to her physical limitations. He said... No here we go. He said I find therefore the evidence the whole shows the claimant's subjective... Evidence as a whole. Go ahead. That the claimant's subjective complaints are not sufficiently credible to require me to accept her allegation of excess pain and limitations. Nothing about her work. Nothing about her date of birth. It stops there on credibility? Correct. And that's on page 20. What's the next line in that that you're reading? The next line says... Nothing about her work. He did not reject anything about... What's the evidence that she's able to do like engage in light work activity that he's relying on? The evidence that she could engage in what light work activity? No heavy work and in Desrosiers this court found that no heavy work is compatible with a light work limitation. Heavy work in the workers comp setting. Dr. Greenspan's opinion is compatible with a light work limitation. Right. But we're dealing with a woman that's over 55 years of age and if she can't do... So are we. So are we. There's one who isn't but that's okay. There's three law students over there who aren't either. I have a young associate with me today and she's not even close. So the act requires that we consider age, education, and work experience. Age is a component of the analysis and the commissioner recognizes that the ability to adjust to other or adapt to other work starts coming into play at 45 and is... Yeah. I'm not trying to make light of this at all but all right so you know in one hand we hear somebody say at stage four vocational experts don't need them. You stand up and you say stage four vocational experts absolutely do need them. Sometimes. Absolutely need them sometimes. Don't even need them at step five. But sometimes you need them at stage four. Sometimes. And what's your reg or statute or case that says that? The regulation is 404 1566 E. 404... Point 1566 E. Subsection E. Okay and it says that when addressing skills or other complex issues the ALJ can use the the testimony of a vocational expert. Can use. Can use. Can use. And so to not use a vocational expert when we have a complicated issue that isn't inferentially addressed it's just absent from the DOT then the ALJ abuses his discretion when not calling a vocational expert. And the government's primary source for occupational information at stage four is the claimant. And was that objection made or request made at the appropriate time in the hearing that a vocational expert is needed on this issue? Doubtful. No I know that the attorney who was representing Ms. Osegueda at the hearing did not request a vocational expert. The practical matter is that the administrative law judge makes a determination of whether to a vocational expert and they don't really rely to that. So you think there's a suus body responsibility on the ALJ at that point? The ALJ is is not the referee calling balls and strikes or the umpire calling the balls and strikes. The referee is an integral part of the case development has a duty to fully and fairly develop the record and that burden is is greatly lessened when when there's an attorney representing the claimant. But that doesn't mean it evaporates. The ALJ has an obligation to resolve the issues on substantial evidence not by wild guess. What did the district court say about that issue? The district court said that that it was reasonable for the it was falls within the parameters of reasonable for the ALJ to make the assessment that a sit-stand option did not preclude. So it was not an abuse of discretion if you want to. That's what the district court said but we don't review the district court's decision. We do it de novo. Okay thank you. Thank you. All right thank you. This matter will stand submitted.
judges: Stafford, Pregerson, Trott